UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM ROVINELLI, JENNIFER CARLOS, and JUAN VASQUEZ, individually and on behalf of all other persons similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRANS WORLD ENTERTAINMENT CORPORATION and SYNAPSE GROUP, INC.,<br><br>*Defendants*. | Case No. 18-CV-12377-DPW |

**DEFENDANT TRANS WORLD ENTERTAINMENT CORPORATION'S MOTION TO DISMISS, TO COMPEL ARBITRATION OF THE PLAINTIFFS' CLAIMS, AND/OR TO STRIKE CLASS ACTION ALLEGATIONS**

Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(f), and 23(d)(1)(D), and pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, Defendant Trans World Entertainment Corporation ("TWEC") moves this Court to dismiss the Complaint and compel arbitration, to dismiss Plaintiffs' Complaint for failure to state causes of action, and/or to strike the class action allegations in the Complaint.

In support of this motion, TWEC states that Plaintiffs' claims should be dismissed in favor of arbitration, and Plaintiffs should be compelled to arbitrate their claims. All of the claims against TWEC in the Complaint are subject to a valid and binding arbitration clause and class action waiver, included in the terms and conditions of the Member Benefits Guide handed to each of the Plaintiffs at the time they enrolled in the programs at issue. The Court therefore lacks subject matter jurisdiction over the claims, and/or the Complaint fails to state viable claims for resolution in this Court.

In further support of this motion, and in the alternative, TWEC states that the Complaint should be dismissed because documents central to Plaintiffs' claims bar the claims; because

1

Plaintiffs claims under the Electronic Funds Transfer Act, 15 U.S.C. § 1693a *et seq.*, fail as a matter of law, in that Plaintiff Adam Rovinelli used a credit card, which is not subject to EFTA, Plaintiff Jennifer Carlos does not allege any EFTA violation by TWEC, and Plaintiff Vasquez's claim is barred by the statute of limitations; because the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b, does not apply to purchases made in Massachusetts; and because Plaintiffs' equitable claims fail as they have adequate remedies at law.

In further support of the motion, and also in the alternative, TWEC states that the Court should strike the class action allegations. All of the "subclasses" alleged in the Complaint are all either improper "fail-safe" classes or so overly broad that they encompass a significant number of members who suffered no injury and therefore lack standing. In addition, individualized issues will predominate over common questions, making a class action inappropriate. Further, the claims of the named Plaintiffs are not typical of those of the classes they seek to represent, and Plaintiffs are not adequate representatives of those classes.

In further support of this motion, TWEC refers this Court to Defendant Trans World Entertainment Corporation's Memorandum of Law In Support of Its Motion to Dismiss, to Compel Arbitration of the Plaintiffs' Claim, and/or to Strike Class Action Allegations.

WHEREFORE, TWEC respectfully requests this Court dismiss the Complaint in its entirety in favor of arbitration and compel Plaintiffs to arbitrate their claims. In the alternative, TWEC requests that the Court dismiss the Complaint for failure to state claims, and/or strike the class action allegations.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(e), Defendant TWEC requests a hearing on this motion.

## **L.R. 7.1 CERTIFICATION**

The undersigned counsel certifies that, on January 7-9, 2019, Defendant's counsel conferred with counsel for Plaintiff (Lee Shalov) in an attempt to resolve or narrow the issues, but the parties were unable to do so.

Dated: New York, New York
January 11, 2019

Respectfully submitted,

**DAVIS & GILBERT LLP**

By: _/s/ David S. Greenberg_
Neal H. Klausner  (admitted *pro hac vice*)
Ina B. Scher  (admitted *pro hac vice*)
David S. Greenberg  (admitted *pro hac vice*)
1740 Broadway
New York, New York  10019
(212) 468-4800
nklausner@dglaw.com
ischer@dglaw.com
dgreenberg@dglaw.com

**DAVIS, MALM & D'AGOSTINE, P.C.**
Christopher J. Marino, BBO #655007
James E. Gallagher, BBO #677588
One Boston Place, 37th Floor
Boston, MA  02108
(617) 367-2500

*Attorneys for Defendant*
*Trans World Entertainment Corporation*